UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOSEPH MITCHELL TROSCLAIR**<br>     **LA. DOC #349238**<br>**VS.** | **CIVIL ACTION NO. 16-372**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN CALENDAR** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pro se petitioner Joseph M. Trosclair, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 18, 2016. Petitioner asserts that the disciplinary sanctions imposed following an issue involving contraband, and the criminal conviction based on the same set of facts, constitutes double jeopardy. He prays for the following relief: (1) that the criminal conviction be terminated; (2) that the warden be terminated; and (3) that he be compensated for his pain, suffering and mental anguish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## STATEMENT OF THE CASE

Petitioner has provided little detail with regard to the factual basis of his petition. He is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), presently incarcerated at the Caldwell Correctional Center (CCC), Grayson, Louisiana . Utilizing the form provided to prisoners in this District who seek habeas corpus relief pursuant to 28 U.S.C. §2241, petitioner filed the instant petition alleging that while incarcerated, he was placed in segregation for fifty-one (51) days and lost sixty (60) days of good time following a situation involving contraband. [Doc. 1, p. 8] Subsequently, criminal charges were brought and he was

sentenced to two years for actions underlying the disciplinary action. He attacks the criminal conviction, alleging that it violated the Double Jeopardy Clause. [Id.] Further, he makes complaints regarding the prison grievance system and handling of his mail. [Id.] Finally, he makes an ineffective assistance of counsel claim, asserting that his lawyer did not advise him of the Double Jeopardy issue. [Doc. 1, p. 9.]

## LAW AND ANALYSIS

**1. Double Jeopardy and Ineffective Assistance of Counsel**

Petitioner has, as stated above, used the habeas corpus form provided to inmates who wish to seek relief pursuant to 28 U.S.C. § 2241 to challenge his state court conviction. Section 2241 is the procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). As such, if petitioner were contesting the erroneous calculation of his sentence or the unlawful forfeiture of the "good time" credits, Section 2241 would be appropriate. However, because petitioner is attacking the criminal conviction, his claims should have been brought pursuant to 28 U.S.C. § 2254, which applies to persons "in custody pursuant to a judgment of a State court...," in other words, persons who have been convicted and sentenced by a Louisiana court.

However, regardless of the method used to challenge his state court conviction and subsequent alleged ineffective assistance of counsel, plaintiffs claims should still be dismissed. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

(See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

Petitioner alleges that his state court conviction following a prison disciplinary action involving the same underlying facts violated the Double Jeopardy Clause and subsequently, his attorney was ineffective as he was not advised that his conviction was unconstitutional. However, it is well-established that disciplinary sanctions imposed by prison authorities for infractions of prison regulations do not bar subsequent criminal prosecution. *United States v. Galan*, 82 F.3d 639, 640 (5th Cir.1996); *see also U.S. v. Daniel*, No. 06-60822, 2007 WL 837095 (5th Cir. 2007); *Porter v. Coughlin*, 421 F.3d 141 (2d Cir.2005); *Welch v. Epps*, 103 F. App'x 828 (5th Cir.2004); *United States v. Shepard*, 78 F. App'x 387 (5th Cir.2003); *Singleton v. Page*, 202 F.3d 274 (7th Cir.1999); *United States v. Mayes*, 158 F.3d 1215 (11th Cir.1998); *United States v. Galan*, 82 F.3d 639 (5th Cir.1996); *United States v. Hernandez–Fundora*, 58 F.3d 802 (2d Cir.1995); *United States v. Brown*, 59 F.3d 102 (9th Cir.1995); *Garrity v. Fiedler*, 41 F.3d 1150 (7th Cir.1994); *United States v. Newby*, 11 F.3d 1143 (3d Cir.1993); *United States v. Rising*, 867 F.2d 1255 (10th Cir.1989); *United States v. Williamson*, 469 F.2d 88 (5th Cir.1972); *Gilchrist v. United States*, 427 F.2d 1132 (5th Cir.1970); *Keaveny v. United States*, 405 F.2d 821 (5th Cir.1969)). Accordingly, even if properly before this Court pursuant to 28 U.S.C. §2254, these claims fail and should be dismissed.[1]

---

[1] The Court notes that the petitioner did in fact attempt to file a habeas petition pursuant to 28 U.S.C. §2254, Docket Number 5:16-cv-00373, which was stricken from the record for failure to pay court fees. For the reasons stated herein, even if the filing fee had been paid, that suit would have been dismissed as frivolous.

### 2. Grievance Process and Mail Tampering Complaints

The instant petition also makes allegations involving the prison grievance system as well as mail tampering.  In general, a civil rights suit filed pursuant to 42 U.S.C. §1983 "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Cook v. Texas Dep't. of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994).  A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997).

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings:  If  "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release" then the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (*per curiam*), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996).  The civil rights asserted in this petition do not implicate the legality or overall length of petitioner's confinement but instead challenge only the *conditions* of his confinement.  Thus, in regard to those claims, petitioner has failed to state a claim for which habeas corpus relief can be granted and this matter should be dismissed.  Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as the petitioner has failed to state a claim for which *habeas corpus* relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 26, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE